NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FRIEDA STOECKLE, PETITIONER, v. LEE SEAMAN AND MRS. LEE SEAMAN, RESPONDENTS.

**Epidemic Encephalitis—Employe Fell From Step Ladder but was so Little Injured That the Accident Only Momentarily Interfered With Her Work—Epidemic Encephalitis Developed Some Time Afterward—Several Doctors Examined, and Held, That the Accident Appeared to Have No Relation to the Disease.**

On petition for compensation. On finding of facts and determination.

For the petitioner, *John C. Grimshaw* and *Frank G. Turner.*

For the respondents, *Palmer & Cooper* (by *Ralph E. Cooper*).

\*        \*        \*        \*        \*        \*        \*

2. That the petitioner was employed by the respondent Lee Seaman and not by the respondent Mrs. Lee Seaman on or about the 1st day of July, 1925, and that she continued in such employment to the 20th day of November, 1925, her duties being those of a domestic in the home of Mr. Seaman.

3. The petitioner, at the time of her alleged injuries, re-

ceived for her services wages amounting to $55 per month and board.

4. That on the 16th day of November, 1925, the petitioner claims to have fallen from a step ladder while cleaning window in the home of the respondent. The accident was not witnessed by anyone, but was so slight in its effect that the petitioner continued with her duties immediately thereafter, attended night school on the night of the accident, did the family washing on Tuesday, the 17th of November, and attended night school that night, did the family ironing on Wednesday, the 18th of November, and there being no night school on Wednesday there is some dispute as to whether the petitioner left the Seaman home that evening, but the records of the night school indicate that the petitioner attended night school on Thursday, the 19th of November.

I find from the facts heretofore stated and about to be stated that, assuming the petitioner fell from the step ladder as alleged, her injuries were so slight as to cause no interruption whatever in her services to her employer, and there was neither temporary nor permanent disability to the petitioner as a result of such a fall.

Dr. C. C. Beling testified that he had examined the petitioner on the 26th of January, 1926. This was two months and ten days after the alleged accident. He found no evidence of any organic nervous disorder, and believed she was suffering from traumatic psycho neurosis, hysterical in type. He testified that the fall as described to him *could be* a cause for her condition as he found it, but would not say that it probably was the cause. He merely testified that the fall was a possible cause for her condition. The only physician called by the petitioner who had treated her was Dr. Derivaux. He testified that he attended the petitioner on Friday, the 20th of November, 1925, while she was still at the home of Mrs. and Mr. Seaman, that she was black and blue under each eye as far down as the mouth, that it was impossible for her to open both her eyes, that her head was swollen to twice its size, that her face was terribly discolored, that he believes she was suffering from a hemorrage

47

of the brain caused by the fall. It is impossible for me to reconcile this testimony with the further evidence to be given below, which is conclusively overwhelming and absolutely contrary to the testimony given by Dr. Derivaux. The record of the Newark Memorial Hospital shows that upon admission to the hospital there were no irregularities or swellings to the head, whereas Dr. Derivaux says the head was swollen to twice its size. The hospital record shows that there was no tenderness felt in the head, whereas Dr. Derivaux says that the face was terribly discolored and so swollen that it was impossible to open both eyes. Dr. Derivaux denies that the petitioner suffered from epidemic encephalitis, although that is the diagnosis shown by the records of the Newark Memorial Hospital, where the petitioner was in his care. It is also significant that on Thursday, the 19th, and Friday, the 20th, of November, 1925, Drs. Coe and Huberman, respectively, were called to the Seaman home because of complaints of *illness* made by the petitioner. They testified that they found her suffering from a cold and that there was no evidence of a swelling of any kind to the head or face, or any evidence of injury to the head or face or any complaint made by the petitioner of injuries to any part of the body, nor were there any discolorations upon the face.

Dr. Derivaux testified that although he had not at any time found any organic disorder of the brain or nervous system and that the entire picture was one of a disordered mentality and that the woman was suffering from hysteria, nevertheless testified to a hemorrage of the brain, which is most decidedly an organic disorder of the brain. Dr. Derivaux called in Dr. Echikson and Dr. Coe because he felt that he was not sufficiently competent. Dr. Echikson testified that when he examined the petitioner she was suffering from epidemic encephalitis and broncho pneumonia, and that the end results to the petitioner in this case are from epidemic encephalitis, and that they are in no wise due to an accident, and that the sign as to the location of the paralysis differ on December 7th and 8th, which indicated that trauma played no part in this case and that the excessive temperature which the

plaintiff had could not be explained on the basis of trauma. Drs. Coe and Huberman testified that when they saw the petitioner she was not suffering from the results of whatever accident may have occurred on the 16th of November, 1925.

Dr. Dowd examined the petitioner while she was in the Newark Memorial Hospital and testified that she was suffering from epidemin meningi encephalitis, that she was actually ill with that ailment when he saw her, and had not long been ill, that her general physical condition was good, and that her illness and her present end results were in no wise due to trauma. It is to be noted that although there is some other testimony given by Dr. McArthue, of Newark, and Dr. Sheehan, of New York, in favor of a finding for the petitioner, the only doctor called by the petitioner who actually treated or examined her while she was in the acute stages of illness was Dr. Derivaux. All the other doctors called by the petitioner have examined her long since this illness cleared up, the last two doctors having examined her as late as January of 1927.

I therefore find that this petitioner did not suffer any temporary or permanent disability as a result of the accident she complains of as having happened on the 16th of November, 1925. I also find that the petitioner's condition is due to epidemic encephalitis, which I find was in no wise connected with, caused by, or aggravated by the alleged accident.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

<div align="right">

HARRY J. GOAS,
*Deputy Commissioner.*